LILES, Acting Chief Judge.
On January 15 and December 30, 1963, appellees borrowed $10,000 and $24,000 respectively from the Bank of Pasco County to purchase certain stock. The stock was pledged as collateral security. The two notes evidencing the transactions were signed by the Beasleys and by one Jack Harkins. Two Thousand Dollars was paid on the $10,000 note, and that note was can-celled and a new note in the amount of $8,000 was issued.
Jack Harkins died in 1964 and his estate was probated in Tennessee. Since no other payments were made on the notes, the Bank filed a claim against the estate of Jack Harkins in Tennessee. A judgment was obtained against the estate for the full amount unpaid on the two notes, being $32,000, plus interest, fees and costs of suit. The estate paid the Bank $17,854.85 as partial payment of said judgment. On *24 September 27, 1967, the Bank sold the stock pledged as security on the notes for $37,852.50. These funds were distributed as follows: To the estate of Jack Harkins $17,854.85 as reimbursement for moneys paid; to the Bank for the unpaid balance of the loan $19,145.87; to the Beasleys the excess money $851.78.
On September 8, 1969, the Beasleys brought suit against the Bank for conversion of the stock because of failure to give notice of sale as required by Fla.Stat. 685.-02, F.S.A. Beasleys further alleged that the Bank wrongfully reimbursed the estate the sum of $17,854.85. The Bank answered denying the wrongful disbursement of funds and set forth that Jack Harkins endorsed the note for the accommodation of the Beasleys, and was therefore entitled to reimbursement.
The trial court entered a summary judgment as to liability against the Bank on the basis that notice of the sale of the stock was not given in accordance with Fla.Stat. 685.02, F.S.A. The court then entered a summary final judgment against the Bank on December 9, 1970, holding as a matter of law that the Bank had no right to reimburse the estate of Jack Harkins out of the proceeds of the sale of stock. The Bank brings this appeal.
It appears to this court that the trial court erred in basing its ruling on Fla.Stat. 685.02, F.S.A. This statute was repealed by Chap. 65-254, Laws of Florida 1965, effective January 1, 1967, enacting the Florida Uniform Commercial Code. The sale of the stock in question took place on September 27, 1967, and was therefore governed by the Florida Uniform Commercial Code.
The summary judgment is therefore reversed and the cause is remanded for a new trial.
HOBSON and MANN, JJ., concur.